KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Barry Louis Lamon, | ) | No. CV 1-07-829-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Derral G. Adams, et al., | ) | |
| Defendants. | ) | |

Plaintiff Barry Louis Lamon, who is confined in the California State Prison-Corcoran in Corcoran, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and then filed two amended complaints. On February 5, 2009, the Court dismissed Plaintiff's Second Amended Complaint and granted Plaintiff 30 days to file a third amended complaint. On March 4, 2009, Plaintiff filed a Third Amended Complaint (Doc. #27). The Court will require Defendants Hanson, Alvarez, Elze, Adams, and Zirkind to answer Counts I (Eighth Amendment food claims), Count II (First Amendment religious diet claims), and Count III of the Third Amended Complaint and will dismiss the remaining claims and defendants without prejudice.

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

JDDL

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Third Amended Complaint

Plaintiff names the following Defendants in the Third Amended Complaint: Warden Derral G. Adams; Associate Warden D.D. Sheppard-Brooks; Associate Warden James D. Hartley; Chief Deputy Warden B. Lopes; Institutional Rabbi L. Zirkind; Associate Food Manager Scott Folks; Inmate Appeals Examiner Hodges-Wilkins; Supervising Correctional Cook K. DeElva; Correctional Supervising Cook D. Hanson; Correctional Sergeant R. Salinas, Jr.; Corrections Officer K. Elze; and Corrections Officer J. Alvarez.

Plaintiff raises four grounds for relief in the Third Amended Complaint:

(1) Plaintiff's First Amendment rights were violated when he was given tainted food and then reduced quantities of food in retaliation for assaulting a corrections officer;

(2) Plaintiff's First Amendment rights were violated when he was wrongfully denied his religious diet for a period of 18 months;

(3) Plaintiff's Equal Protection rights were violated when he was wrongfully denied his religious diet based partly on his race; and

(4) Plaintiff was denied his religious diet in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA).

Plaintiff seeks money damages.

## III. Failure to State a Claim

### A. Count I–Retaliation and Disciplinary Claims

To state a claim for retaliation, an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest." Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997). In Count I, Plaintiff claims that Defendants retaliated against him for assaulting a corrections officer. Plaintiff does not allege that prison officials acted in retaliation for the

exercise of a constitutionally protected right, and Plaintiff has therefore failed to state a claim for retaliation.

In Count I, Plaintiff also alleges that Defendants Hanson, Elze, Alvarez, Folks, DeElva, Elze, Salinas, and Zirkind falsified reports to justify Plaintiff's removal from the religious-diet program and that Defendants Sheppard-Brooks, Hartley, Lopes, Zirkind, and Hodges-Wilkins were deliberately indifferent to evidence that Plaintiff had been improperly removed from the religious-diet program. Where an inmate is provided procedural due process protections, the filing of false disciplinary charges is not actionable under § 1983. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137 (7th Cir. 1984) (same). Further, the mere denial of a grievance does not give rise to the inference of active unconstitutional behavior. Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

In Count I, Plaintiff does not allege that he was denied due process protections with respect to the false disciplinary charges, nor does he allege that Defendants Sheppard-Brooks, Hartley, Lopes, Zirkind, and Hodges-Wilkins did more than fail to respond to or deny his grievances. Plaintiff has therefore failed to state a claim against these Defendants in Count I.

**B.    Count II**

In Count II, Plaintiff claims that Defendants Elze, Alvarez, and Hanson conspired to give Plaintiff meals which were inedible and insufficient in quantity. These claims are substantially the same as claims raised by Plaintiff in Count I and the Court will therefore dismiss them as duplicative.

Plaintiff also claims that Defendants Sheppard-Brooks, Hartley, Lopes, Folks, DeElva, Hanson, Salinas, Elze and Alvarez erroneously classified his grievances as "Confidential Staff Complaints" and forwarded them to Defendant Hodges-Wilkins who took no action and

1  then informed Plaintiff that the complaints were confidential. An inmate has no free-
2  standing constitutional right to a grievance process. In Mann v. Adams, 855 F.2d 639, 640
3  (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a protected liberty
4  interest in prison grievance procedures. Accordingly, Plaintiff's allegations that his
5  grievances were improperly handled or processed do not state a claim and will be dismissed.

### C. Count IV

In Count IV, Plaintiff claims that "Defendants Adams, Sheppard-Brooks, Hartley, Lopes, Zirkind, Folks, Hodges-Wilkins, DeElva, Hanson, Salinas, Elze, and Alvarez . . . denied [Plaintiff] the right to freely practice [his] religion over more than eighteen months in violation of Plaintiff's rights under [RLUIPA]." Plaintiff then states that he was denied the right to practice his religion because he was subjected to "chronic hunger-pangs" and hunger related fatigue for more than 18 months.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has failed to described specific conduct by each of the Defendants named in Count IV that violated his rights under RLUIPA. Plaintiff's broad allegation that Defendants denied Plaintiff his right to practice his religion is insufficient to state a claim and Count IV will therefore be dismissed.

## IV. Claims for Which an Answer Will be Required

In Count I, Plaintiff alleges that, for several months, Defendants Hanson, Alvarez, and Elze gave Plaintiff meals that were contaminated with chemicals and were composed of reduced portions of food. Plaintiff further alleges that Defendant Adams had prior knowledge of a "shadow policy" or custom among detention staff to retaliate against inmates in this manner. Liberally construed, these allegations adequately state an Eighth Amendment claim and the Court will require Defendant Hanson, Alvarez, Elze, and Adams to answer these allegations.

In Count II, Plaintiff alleges that Defendant Zirkind violated Plaintiff's First

Amendment rights when he improperly cancelled Plaintiff's religious diet for a period of more than 18 months. The Court will require Defendant Zirkind to answer this claim.

In Count III, Plaintiff claims that Defendant Zirkind violated Plaintiff's equal protection rights when he partly based his decision to cancel Plaintiff's religious diet on Plaintiff's race because Plaintiff is African American and a practitioner of the Judaic faith. The Court will require Defendant Zirkind to answer this claim.

## V.   No Further Amendments

Plaintiff has had three opportunities to amend his claims. Because Plaintiff has had ample opportunity to present his claims, and because of the age of this case, Plaintiff should note that the Court will not permit any further amendment of Plaintiff's claims. Rule 15(a) of the Federal Rules of Civil Procedure ("A party may amend its pleading **once** as a matter of course. . . .") (emphasis added).

## VI.   Warnings

### A.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

1 **IT IS ORDERED:**

2     (1) The retaliation and disciplinary claims in Count I, the conspiracy and grievance
3 claims in Count II, Count IV, and Defendants Sheppard-Brooks, Hartley, Lopes, Folks,
4 Hodges-Wilkins, DeElva, and Salinas are **dismissed** without prejudice.

5     (2) Defendants Hanson, Alvarez, Elze, Adams, and Zirkind must answer the
6 Eighth Amendment food claims in Count I, the First Amendment religious diet claims in
7 Count II, and Count III of the Third Amended Complaint.

8     (3) The Clerk of Court must send Plaintiff a service packet including the Third
9 Amended Complaint (Doc. #27), this Order, a Notice of Submission of Documents form, an
10 instruction sheet, and copies of summons and USM-285 forms for Defendants Hanson,
11 Alvarez, Elze, Adams, and Zirkind.

12     (4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and
13 return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit
14 with the Notice of Submission of Documents: a copy of the Third Amended Complaint for
15 each Defendant, a copy of this Order for each Defendant, a completed summons for each
16 Defendant, and a completed USM-285 for each Defendant.

17     (5) Plaintiff must not attempt service on Defendants and must not request waiver
18 of service. Once the Clerk of Court has received the Notice of Submission of Documents and
19 the required documents, the Court will direct the United States Marshal to seek waiver of
20 service from each Defendant or serve each Defendant.

21     (6) **If Plaintiff fails to return the Notice of Submission of Documents and the**
22 **required documents within 30 days of the date of filing of this Order, the Clerk of Court**
23 **must, without further notice, enter a judgment of dismissal of this action without**
24 **prejudice.** See **Fed. R. Civ. P. 41(b).**

25 DATED this 14th day of April, 2009.

_____
David G. Campbell
United States District Judge

JDDL