1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

9   Barry Louis Lamon,                      )    No. 1:07-CV-00829-DGC
                                            )
10              Plaintiff,                  )    **ORDER**
                                            )
11  vs.                                     )
                                            )
12  Derral G. Adams, et al.,                )
                                            )
13              Defendants.                 )
                                            )
14  _____        )

15          Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is hereby Ordered as

16  follows:

17  A.      <u>Initial Disclosures</u>.

18          The parties shall provide initial disclosures in the form and on the schedule required

19  by Federal Rule of Civil Procedure 26(a)(1).  The parties shall file with the Clerk of Court

20  a Notice of Initial Disclosure; copies of the actual disclosures need not be filed.

21  B.      <u>Rule 26(f) Meeting and Case Management Report</u>.

22          The parties are directed to meet and confer, as required by Federal Rule of Civil

23  Procedure 26(f), by **September 18, 2009.**    The meeting may occur via telephonic

24  conference.  At this meeting the parties shall develop a joint Case Management Report which

25  contains the following information in separately numbered paragraphs:

26          1.      The parties who attended the Rule 26(f) meeting and assisted in developing the

27  Case Management Report;

28          2.      A list of the parties in the case, including any parent corporations or entities

1    (for recusal purposes);

2        3.    A short statement of the nature of the case (**3 pages or less**), including a

3    description of each claim and defense;

4        4.    The jurisdictional basis for the case, describing the basis for the jurisdiction

5    (see the accompanying footnote) and citing specific jurisdictional statutes;[1]

6        5.    Any parties which have not been served and an explanation of why they have

7    not been served; and any parties which have been served but have not answered or otherwise

8    appeared;

9        6.    A statement of whether any party expects to add additional parties to the case

10   or otherwise to amend or supplement pleadings;

11       7.    A listing of contemplated motions and a statement of the issues to be decided

12   by these motions (including motions under Federal Rules of Evidence 702, 703, 704,

13   and 705);

14       8.    Whether the case is suitable for reference to a United States Magistrate Judge

15   for a settlement conference or trial;

16       9.    The status of related cases pending before other courts or other judges of this

17   Court;

18       10.   A statement of when the parties exchanged Federal Rule of Civil Procedure

19   26(a) initial disclosures;

20

---

21   [1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the

22   citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332.
     The parties are reminded that (1) a corporation is a citizen of the state where it is

23   incorporated and the state of its principal place of business and (2) partnerships and limited
     liability companies are citizens of every state in which one of their members or partners

24   resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th

25   Cir. 1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.
     2006). The parties are further reminded that the Federal Rules of Civil Procedure do not

26   provide for the use of fictitious parties and that the naming of a "John Doe" or "ABC

27   Corporation" party "casts no magical spell on a complaint otherwise lacking in diversity
     jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir.

28   1970) (citations omitted).

11. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced (*see* Rules 16(b)(5), 26(f)(3));

12. A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(6), 26(f)(4));

13. A discussion of necessary discovery, including:

    a. The extent, nature, and location of discovery anticipated by the parties;

    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2;

    c. The number of hours permitted for each deposition, unless extended by agreement of the parties.

14. Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

    a. A deadline for the completion of fact discovery;[2]

    b. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

    c. A deadline for completion of all expert depositions;

    d. A deadline for filing dispositive motions;

    e. A date by which the parties shall have engaged in good faith settlement talks.

15. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);

---

[2] The discovery deadline is the date by which all discovery must be completed. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

1      16.    The estimated length of trial and any suggestions for shortening the trial;

2      17.    The prospects for settlement, including any request of the Court for assistance

3 in settlement efforts; and

4      18.    Any other matters that will aid the Court and parties in resolving this case in

5 a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

6      The parties shall jointly file the Case Management Report with the Clerk by

7 **October 2, 2009**.

8 C.   <u>Case Management Order</u>.

9      After receiving the joint Case Management Report the Court will enter a Case

10 Management Order.  The form of the undersigned Judge's standard Case Management Order

11 can be found on the Internet at www.azd.uscourts.gov under Judges and Courtrooms and

12 Orders, Forms and Procedures.  The Court fully intends to enforce the deadlines in the Case

13 Management Order.  The parties should plan their litigation activities accordingly.

14 D.   <u>Other Matters</u>.

15      All parties are expected to comply fully with the Federal and Local Rules of Civil

16 Procedure and to minimize the expense of discovery.

17      The Clerk of the Court shall send copies of this Order to all counsel of record and to

18 any parties appearing in propria persona.

19      DATED this 17th day of August, 2009.

20

21

22

23 _____

David G. Campbell
United States District Judge

24

25

26

27

28