# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Louis Lamon, | No. 1:07-CV-00829-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Derral G. Adams, et al., | |
| Defendants. | |

Plaintiff Barry Lamon is confined in the California State Prison in Corcoran, California. He commenced this pro se prisoner civil rights action on May 3, 2007 (Dkt. #1), and filed a third amended complaint on March 4, 2009 (Dkt. #27). On April 10, 2009, the Court issued a screening order requiring answers to certain claims and dismissing the remaining claims without prejudice. Dkt. #28. Defendants filed an answer on August 3, 2009. Dkt. #40.

On August 17, 2009, the Court issued an order, pursuant to Rule 16 of the Federal Rules of Civil Procedure, requiring the parties, among other things, to meet and confer and prepare a joint case management report under Rule 26(f) and to exchange initial disclosures required by Rule 26(a)(1). Dkt. #43. Defendants have filed a motion for relief from that order. Dkt. #45. The Court will grant the motion in part and deny it in part.

Rule 26(a)(1)(B)(iv) provides that an action brought by an inmate proceeding pro se is exempt from initial disclosure requirements. The Advisory Committee Notes to Rule 26 make clear, however, that even in a case excluded by subdivision (a)(1)(B) "the court can

order exchange of similar information in managing the action under Rule 16." Fed. R. Civ. P. 26, Advisory Comm. Note (2000 Am.); *see Boles v. Lewis*, No. 1:07-cv-277, 2009 WL 2021743, at *2 (W.D. Mich. July 7, 2009) (requiring initial disclosures in pro se prisoner civil rights action and noting that "the exceptions under subsection (a)(1)(B) do not apply when a court order has been entered"); *see also In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008) (concluding that district court did not abuse its discretion in requiring the defendants to investigate the substance of the pro se prisoner's claims and to file a report containing their findings).

The Court finds that requiring the parties to comply with the initial disclosure provisions of Rule 26(a)(1) will benefit the parties and the Court by allowing the early identification of factual, legal, and evidentiary issues, and providing a forum and impetus for frank discussion between the parties as to the relative strengths and weaknesses of their cases. Given that Plaintiff's complaint has been screened for frivolous or unsupported claims, the Court finds that requiring Defendants to provide initial disclosures is not unreasonable and will not be unduly burdensome. The Court will deny Defendants' motion to the extent they object to the initial disclosure requirement.

The Court agrees with Defendants that the parties should not be required to meet and confer and prepare a joint case management report. The Court will grant Defendants' motion with respect to this issue.

**IT IS ORDERED:**

1. Defendants' motion for relief from Court order (Dkt. #45) is **granted in part** and **denied in part** as set forth in this order.

2. The Court will issue a separate scheduling order.

DATED this 31st day of August, 2009.

David G. Campbell
United States District Judge

- 2 -