**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Louis Lamon, ) | No. 1:07-cv-00829-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Derral G. Adams, et al., ) | |
| Defendants. ) | |

Plaintiff Barry Lamon is confined in the state prison in Corcoran, California. He commenced this pro se civil rights action more than two and a half years ago by filing a complaint against several correctional officers. Dkt. #1. Plaintiff subsequently filed three amended complaints. Dkt. ##11, 18, 27. On April 10, 2009, the Court issued a screening order requiring answers to certain claims asserted in the third amended complaint and dismissing the remaining claims without prejudice. Dkt. #28. Defendants filed an answer on August 3, 2009. Dkt. #40.

Plaintiff has filed a motion to change the pleadings, seeking leave to file a fourth amended complaint. Dkt. #42. Defendants have filed a motion for a protective order. Dkt. #55. For reasons that follow, the Court will deny both motions.

**I.     Plaintiff's Motion to Change the Pleadings.**

Plaintiff contends that the Court erred in screening his third amended complaint by erroneously dismissing his First Amendment claims and forcing him to litigate an untenable Eighth Amendment claim. Dkt. ##42, 52. The Court did not dismiss all of the First

1 Amendment claims. The Court required an answer to Count II, which "alleges that
2 Defendant Zirkind violated Plaintiff's First Amendment rights when he improperly cancelled
3 Plaintiff's religious diet for a period of more than 18 months." Dkt. #28 at 4-5. To the extent
4 Counts I is based on First Amendment grounds, the Court properly dismissed that claim
5 because it does not allege that prison officials acted in retaliation for the exercise of a
6 constitutionally protected right. *Id.* at 2-3. Given Plaintiff's pro se status, the Court liberally
7 construed Count I, finding that the allegations that Plaintiff was given meals contaminated
8 with chemicals adequately state an Eighth Amendment violation. *Id.* at 4. If Plaintiff
9 believes that he is estopped from asserting an Eighth Amendment claim (*see* Dkt. #42 at 1),
10 he may file a motion to voluntarily dismiss Count I.

11 Plaintiff requests leave to amend Count I to properly assert a First Amendment claim.
12 Dkt. #42 at 2. The Court stated in its screening order that because Plaintiff has had ample
13 opportunity to present his claims, and because of the age of this case, the Court "will not
14 permit any further amendment of Plaintiff's claims." Dkt. #28 at 5. The Court meant what
15 it said. Plaintiff's motion to change the pleadings will be denied. His request for a stay of
16 discovery pending a final order on the pleadings will be denied as moot.

17 **II.    Defendants' Motion for Protective Order.**

18 Defendants seek a protective order relieving them of the obligation to respond to
19 Plaintiff's discovery requests pending a ruling on his motion to change the pleadings.
20 Dkt. #55 at 3. The Court will deny this request given its decision to deny Plaintiff's motion.

21 Defendants seek a stay of discovery on the ground that a related case is pending
22 before Chief Judge Ishii (*see* Dkt. #51), and if he decides to consolidate the two cases, much
23 of the discovery requested by Plaintiff in this case would be duplicative and a waste of state
24 resources. Dkt. #55 at 3. It does not appear that Defendants have filed a request for
25 consolidation in the case before Chief Judge Ishii. *See Lamon v. Tilton*, 1:07-cv-00493-
26 AWI-DLB. The request for a stay of discovery will be denied.

27 **IT IS ORDERED:**

28    1.    Plaintiff's motion to change the pleadings and motion to curtail discovery

1 | pending final order on the pleadings (Dkt. #42) is **denied**.
2 |     2.     Defendants' motion for protective order (Dkt. #55) is **denied**.
3 | DATED this 24th day of November, 2009.

*/s/ Daniel G. Campbell*

David G. Campbell
United States District Judge