**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Barry Louis Lamon, ) | No. 1:07-CV-00829-DGC |
| ) | |
| Plaintiff, ) | **AMENDED CASE MANAGEMENT** |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Derral G. Adams, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Plaintiff, proceeding pro se, has filed an ex parte motion to change the scheduling

order and hold these proceedings in abeyance for 90 days (Dkt. #66). The Court will **grant**

Plaintiff's motion

**IT IS HEREBY ORDERED:**

1.    <u>Deadline for Initial Disclosures</u>.  Initial disclosures required by Rule 26(a) of

the Federal Rules of Civil Procedure shall be exchanged no later than **November 2, 2009**.

The parties shall file with the Clerk a Notice of Initial Disclosure, rather than copies of the

actual disclosures.[1]

---

[1]Rule 26(a)(1)(B)(iv) provides that an action brought by an inmate proceeding pro se
is exempt from initial disclosure requirements. The Advisory Committee Notes to Rule 26
make clear, however, that even in a case excluded by subdivision (a)(1)(B) "the court can
order exchange of similar information in managing the action under Rule 16." Fed. R. Civ.
P. 26, Adv. Comm. Note (2000 Am.); *see Boles v. Lewis*, No. 1:07-cv-277, 2009 WL
2021743, at \*2 (W.D. Mich. July 7, 2009) (requiring initial disclosures and noting that the
"exceptions under subsection (a)(1)(B) do not apply when a court order has been entered");
*see also In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008) (district court did not abuse its

1  2.  <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental</u>

2 <u>Pleadings</u>.  The deadline for joining parties, amending pleadings, and filing supplemental

3 pleadings is **November 17, 2009**.

4  3.  <u>Discovery Limitations</u>. Depositions in this case shall be limited to seven hours

5 each as provided in Rule 30(d)(2) of the Federal Rules of Civil Procedure.  If Defendant(s)

6 desire to take Plaintiff's deposition, leave of Court is granted to take such deposition

7 pursuant to Rule 30(a)(2).  The deposition may be taken by telephone at the option of

8 Defendant(s).  Each side may propound up to 25 interrogatories, including subparts,

9 15 requests for production of documents, including subparts, and 10 requests for admissions,

10 including subparts. The limitations set forth in this paragraph may be increased by mutual

11 agreement of the parties, but such an increase will not result in an extension of the discovery

12 deadlines set forth below.

13  4.  <u>Deadline for Completion of Fact Discovery</u>.  The deadline for completing fact

14 discovery, including discovery by subpoena, shall be **August 20, 2010**.   To ensure

15 compliance with this deadline, the following rules shall apply:

16  a.  Depositions:  All depositions shall be scheduled to commence at least

17 **five working days** prior to the discovery deadline.  A deposition commenced five days prior

18 to the deadline may continue up until the deadline, as necessary.

19  b.  Written Discovery:  All interrogatories, requests for production of

20 documents, and requests for admissions shall be served at least **45 days** before the discovery

21 deadline.

22

23

24 discretion in requiring the defendants to investigate the substance of the pro se prisoner's
claims and to file a report containing their findings).  The Court finds that requiring the

25 parties to comply with the initial disclosure provisions of Rule 26(a)(1) will benefit the
parties and the Court by allowing the early identification of factual, legal, and evidentiary

26 issues, and providing a forum and impetus for frank discussion between the parties as to the
relative strengths and weaknesses of their cases.  Given that Plaintiff's complaint has been

27 screened for frivolous or unsupported claims, the Court finds that requiring Defendant(s) to

28 provide initial disclosures is not unreasonable and will not be unduly burdensome.

1           c.      The parties may mutually agree, without Court approval, to extend the

2 time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil

3 Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery

4 deadlines set forth in this Order.

5       5.     <u>Deadlines for Disclosure of Experts and Completion of Expert Discovery</u>.

6           a.      Plaintiff shall provide full and complete expert disclosures as required

7 by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than

8 **March 19, 2010**.

9           b.      Defendant(s) shall provide full and complete expert disclosures as

10 required by Rule 26(a)(2)(A)-(C) no later than **April 23, 2010**.

11           c.      Rebuttal expert disclosures, if any, shall be made no later than

12 **May 21, 2010**. Rebuttal experts shall be limited to responding to opinions stated by initial

13 experts.

14           d.      Expert depositions shall be completed no later than **June 25, 2010**. As

15 with fact witness depositions, expert depositions shall be scheduled to commence at least five

16 working days before the deadline.

17           e.      Disclosures under Rule 26(a)(2)(A) must include the identities of

18 treating physicians and other witnesses who have not been specially employed to provide

19 expert testimony in this case, but who will provide testimony under Federal Rules of

20 Evidence 702, 703, or 705. A Rule 26(a)(2)(B) report is required for any opinion of such

21 witnesses that was not developed in the course of their treatment or other factual involvement

22 in this case.

23           f.      As stated in the Advisory Committee Notes to Rule 26 (1993

24 Amendments), expert reports disclosed under Rule 26(a)(2)(B) must set forth "the testimony

25 the witness is expected to present during direct examination, together with the reasons

26 therefore." Full and complete disclosures of such testimony are required on the dates set

27 forth above; absent truly extraordinary circumstances, parties will not be permitted to

28 supplement their expert reports after these dates.

1       6.     Disclosure and Discovery Obligations.

2       This Order governs and supersedes the "30 days before trial" disclosure deadline

3 contained in Rule 26(a)(3). The parties are advised that (1) failure to timely supplement Rule

4 26(a) disclosures, including witnesses and exhibits for trial, (2) failure to timely supplement

5 responses to any valid discovery requests, and (3) attempts to include witnesses or exhibits

6 in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner

7 may result in the exclusion of such evidence at trial or the imposition of other sanctions

8 pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Local Rules of the District

9 Court, and the inherent power of the Court.

10       7.     Discovery Disputes.

11       Motions on discovery matters are strongly discouraged. Parties are directed to Rule

12 37(a)(1) of the Federal Rules of Civil Procedure, which prohibits filing discovery motions

13 unless parties have first conferred in good faith and attempted to resolve any discovery

14 difficulties. If the parties cannot reach a resolution, they may file a motion. Motions and

15 responses shall not exceed five (5) pages each. No replies shall be filed absent leave of

16 Court. Absent extraordinary circumstances, the Court will not entertain fact discovery

17 disputes after the deadline for completion of fact discovery, and will not entertain expert

18 discovery disputes after the deadline for completion of expert discovery.

19       8.     Deadline for Filing Dispositive Motions.

20       a.     Dispositive motions shall be filed no later than **October 22, 2010**. Such

21 motions must comply in all respects with the Federal Rules of Civil Procedure and the Local

22 Rules.

23       b.     No party shall file more than one motion for summary judgment under

24 Rule 56 of the Federal Rules of Civil Procedure absent leave of Court.

25       c.     Failure to respond to a motion within the time periods provided in the

26 Local Rules may be deemed a consent to the denial or granting of the motion and the Court

27 may dispose of the motion summarily pursuant to Local Rule 78-230(c).

28       d.     The parties shall not notice oral argument on any motion. The Court

1 | will issue an order scheduling oral argument as it deems appropriate.

2 |       9.     Settlement.

3 |       The parties shall promptly notify the Court at any time when settlement is reached

4 | during the course of this litigation.

5 |       10.    Change of Address.

6 |       Plaintiff is advised that pursuant to Local Rule 83-183(b), he must keep the Court and

7 | opposing parties advised as to his current address or the Court may dismiss the action for

8 | failure to prosecute.

9 |       11.    The Deadlines Are Real.  The parties are advised that the Court intends to

10 | strictly enforce the deadlines set forth in this Order, and should plan their litigation activities

11 | accordingly.

12 |       DATED this 4th day of February, 2010.

_____

David G. Campbell
United States District Judge