# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Louis Lamon,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Derral G. Adams, et al.,<br><br>　　　　Defendants. | No. 1:07-CV-00829-DGC<br><br>**AMENDED CASE MANAGEMENT ORDER** |

Plaintiff, proceeding pro se, has filed an ex parte motion to change the scheduling order and hold these proceedings in abeyance for 90 days (Dkt. #66). The Court will **grant** Plaintiff's motion

**IT IS HEREBY ORDERED:**

1. <u>Deadline for Initial Disclosures</u>. Initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure shall be exchanged no later than **November 2, 2009**. The parties shall file with the Clerk a Notice of Initial Disclosure, rather than copies of the actual disclosures.[1]

---

[1] Rule 26(a)(1)(B)(iv) provides that an action brought by an inmate proceeding pro se is exempt from initial disclosure requirements. The Advisory Committee Notes to Rule 26 make clear, however, that even in a case excluded by subdivision (a)(1)(B) "the court can order exchange of similar information in managing the action under Rule 16." Fed. R. Civ. P. 26, Adv. Comm. Note (2000 Am.); *see Boles v. Lewis*, No. 1:07-cv-277, 2009 WL 2021743, at *2 (W.D. Mich. July 7, 2009) (requiring initial disclosures and noting that the "exceptions under subsection (a)(1)(B) do not apply when a court order has been entered"); *see also In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008) (district court did not abuse its

1  2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental
2  Pleadings</u>.  The deadline for joining parties, amending pleadings, and filing supplemental
3  pleadings is **November 17, 2009**.

4  3. <u>Discovery Limitations</u>. Depositions in this case shall be limited to seven hours
5  each as provided in Rule 30(d)(2) of the Federal Rules of Civil Procedure.  If Defendant(s)
6  desire to take Plaintiff's deposition, leave of Court is granted to take such deposition
7  pursuant to Rule 30(a)(2).  The deposition may be taken by telephone at the option of
8  Defendant(s).  Each side may propound up to 25 interrogatories, including subparts,
9  15 requests for production of documents, including subparts, and 10 requests for admissions,
10 including subparts. The limitations set forth in this paragraph may be increased by mutual
11 agreement of the parties, but such an increase will not result in an extension of the discovery
12 deadlines set forth below.

13  4. <u>Deadline for Completion of Fact Discovery</u>.  The deadline for completing fact
14 discovery, including discovery by subpoena, shall be **August 20, 2010**.  To ensure
15 compliance with this deadline, the following rules shall apply:

16  a. Depositions:  All depositions shall be scheduled to commence at least
17 **five working days** prior to the discovery deadline.  A deposition commenced five days prior
18 to the deadline may continue up until the deadline, as necessary.

19  b. Written Discovery:  All interrogatories, requests for production of
20 documents, and requests for admissions shall be served at least **45 days** before the discovery
21 deadline.

---

discretion in requiring the defendants to investigate the substance of the pro se prisoner's claims and to file a report containing their findings).  The Court finds that requiring the parties to comply with the initial disclosure provisions of Rule 26(a)(1) will benefit the parties and the Court by allowing the early identification of factual, legal, and evidentiary issues, and providing a forum and impetus for frank discussion between the parties as to the relative strengths and weaknesses of their cases.  Given that Plaintiff's complaint has been screened for frivolous or unsupported claims, the Court finds that requiring Defendant(s) to provide initial disclosures is not unreasonable and will not be unduly burdensome.

c. The parties may mutually agree, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

5. <u>Deadlines for Disclosure of Experts and Completion of Expert Discovery</u>.

a. Plaintiff shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **March 19, 2010**.

b. Defendant(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) no later than **April 23, 2010**.

c. Rebuttal expert disclosures, if any, shall be made no later than **May 21, 2010**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

d. Expert depositions shall be completed no later than **June 25, 2010**. As with fact witness depositions, expert depositions shall be scheduled to commence at least five working days before the deadline.

e. Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who have not been specially employed to provide expert testimony in this case, but who will provide testimony under Federal Rules of Evidence 702, 703, or 705. A Rule 26(a)(2)(B) report is required for any opinion of such witnesses that was not developed in the course of their treatment or other factual involvement in this case.

f. As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports disclosed under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefore." Full and complete disclosures of such testimony are required on the dates set forth above; absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

1      6.      <u>Disclosure and Discovery Obligations</u>.

2      This Order governs and supersedes the "30 days before trial" disclosure deadline contained in Rule 26(a)(3). The parties are advised that (1) failure to timely supplement Rule 26(a) disclosures, including witnesses and exhibits for trial, (2) failure to timely supplement responses to any valid discovery requests, and (3) attempts to include witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Local Rules of the District Court, and the inherent power of the Court.

7.      <u>Discovery Disputes</u>.

Motions on discovery matters are strongly discouraged. Parties are directed to Rule 37(a)(1) of the Federal Rules of Civil Procedure, which prohibits filing discovery motions unless parties have first conferred in good faith and attempted to resolve any discovery difficulties. If the parties cannot reach a resolution, they may file a motion. Motions and responses shall not exceed five (5) pages each. No replies shall be filed absent leave of Court. Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

8.      <u>Deadline for Filing Dispositive Motions</u>.

    a.    Dispositive motions shall be filed no later than **October 22, 2010**. Such motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules.

    b.    No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure absent leave of Court.

    c.    Failure to respond to a motion within the time periods provided in the Local Rules may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily pursuant to Local Rule 78-230(c).

    d.    The parties shall not notice oral argument on any motion. The Court

1  will issue an order scheduling oral argument as it deems appropriate.

2      9.    <u>Settlement</u>.

3  The parties shall promptly notify the Court at any time when settlement is reached
4  during the course of this litigation.

5      10.    <u>Change of Address</u>.

6  Plaintiff is advised that pursuant to Local Rule 83-183(b), he must keep the Court and
7  opposing parties advised as to his current address or the Court may dismiss the action for
8  failure to prosecute.

9      11.    <u>The Deadlines Are Real</u>.  The parties are advised that the Court intends to
10 strictly enforce the deadlines set forth in this Order, and should plan their litigation activities
11 accordingly.

12 DATED this 4th day of February, 2010.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge