**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Louis Lamon,                    ) | No. 1:07-CV-00829-DGC |
| )                     Plaintiff,            ) | **ORDER** |
| vs.                                            ) | |
| Derral G. Adams, et al.,              ) | |
| )                     Defendants.        ) | |
| _____ ) | |

The parties have filed a number of different motions in the last two months. Plaintiff has filed a motion for order of protection (Docs. 77, 81); Defendants have filed a motion to compel discovery (Doc. 78); Plaintiff has filed a request for a 30-day extension of time to respond to Defendants' motion to compel (Doc. 82); Plaintiff has filed his own motion to compel (Doc. 83); Plaintiff has filed a motion to file a supplemental complaint (Doc. 85); Plaintiff has filed a request for court-appointed counsel (Doc. 87); and Defendants have filed a motion for extension of time to file dispositive motions (Doc. 89). The Court will deal with each of these motions separately.

**A.     Motions to Compel.**

Plaintiff has filed two identical motions to compel. Docs. 77, 81. The motions describe a disagreement Plaintiff has had with detention officers and supervisors at the Corcoran Facility, during which Plaintiff's legal files were confiscated. In his request for relief, Plaintiff asks the Court for a 15-day extension to file "objections, motions or responses in this case." Doc. 77 at 7. He also asks the Court to contact the Corcoran litigation

coordinator and instruct them to return his legal files. In a subsequent document, Plaintiff states that his legal files were scheduled to be returned on August 24, 2010. Doc. 82. Plaintiff has filed no subsequent document indicating whether this date was extended.

The Court assumes that Plaintiff's legal files have been returned to him. Moreover, the Court will not grant a general request for 15 additional days to respond to any possible event. The Court will grant specific extensions as described below. Otherwise, Plaintiff's motions for protective order (Docs. 77, 81) are **denied**.

### B. Defendants' Motion to Compel.

Defendants seek to compel various discovery responses by Plaintiff. Doc. 78. Plaintiff has sought a 30-day extension to respond to this motion. Doc. 82. The Court will **grant** Plaintiff's request for an extension in part. Plaintiff shall respond to the motion to compel on or before **December 3, 1010.**

### C. Plaintiff's Motion to Compel.

Plaintiff has filed a motion to compel. Doc. 83. Defendants oppose the motion. Doc. 84. Plaintiff has filed no reply, and the time for a reply has now passed. Plaintiff asks the Court to compel production of personnel files in response to his Requests for Production 1 and 2. Doc. 83 at 5. The basis for these requests is Plaintiff's simultaneous request that the Court reconsider the screening order in which the Court dismissed Plaintiff's retaliation claims. Doc. 28. The request for reconsideration is untimely. The Court's screening order was entered on April 10, 2009. Doc. 28. The Court's amended case management order establishes a discovery deadline of August 20, 2010. Doc. 68. Plaintiff did not file his motion for reconsideration until August 26, 2010, more than 16 months after the Court's screening order and six days after the close of discovery. The Court will not consider such an untimely motion for reconsideration. In light of this ruling, the Court will deny Plaintiff's request to compel responses to Requests for Production 1 and 2.

Plaintiff next asks the Court to compel responses to his Requests for Production 3 and 4. Doc. 83 at 7. These requests seek to discover Inmate Segregation Record 114-A. This record, by Plaintiff's and Defendants' description, includes significant events in the cellblock

each day, the guards on duty, and the times when individuals enter or leave the cellblock. Plaintiff contends that these records will reflect the service to him of tainted food, or complaints he made about the food. Defendants object that the records do not include this level of detail. Defendants assert that, in any event, Plaintiff has access to his 114-A record in his central file. The Court will require Defendants to produce this record, from Plaintiff's central file, within **30 days** of this order. Defendants need only produce the portions of 114-A record that reflect interactions with Plaintiff.

Plaintiff asks the Court to compel responses to his Requests for Production 5-10. Doc. 83 at 8. Plaintiff does not provide copies of these requests. He describes them as seeking grievances, staff complaints, and citizen complaints filed by other inmates concerning inadequate or tainted food. Plaintiff also states that some of the requests seek logs, lists, and other documents reflecting the name, description, sizes, quantities, and dates of food purchases dedicated to the Kosher diet program. Plaintiff's requests appear to be overly broad. Complaints and grievances filed by other inmates in most instances would not be relevant to Plaintiff's claims. Documents generally describing quantities, kinds, and dates of food purchases similarly are not likely to contain relevant information. The Court will, however, require Defendants to produce any documents in their possession related to complaints regarding spoiled or tainted Kosher food during the time period of Plaintiff's allegations in this complaint.

### D.     Plaintiff's Motion to File a Supplemental Complaint.

On September 23, 2010, Plaintiff filed a motion to file a supplemental complaint (Doc. 85) and lodged a proposed supplemental complaint (Doc. 86). Defendants oppose the motion. Doc. 88. The motion will be **denied** as untimely. Plaintiff's initial complaint was filed on June 4, 2007. His third amended complaint was filed on March 4, 2009. Doc. 27. In the order screening the third amended complaint, the Court made the following statement:

> Plaintiff has had three opportunities to amend his claims. Because Plaintiff has had ample opportunity to present his claims, and because of the age of this case, Plaintiff should note that the Court will not permit any further amendment of Plaintiff's claim.

1    Doc. 28 at 5.

2    Plaintiff's proposed supplemental complaint names numerous additional Defendants
3    and seeks to reinstate retaliation claims that were dismissed as part of the Court's screening
4    order. Docs. 28, 86. Moreover, some of the events addressed in the supplemental complaint
5    occurred before the filing of the third amended complaint and thus are not properly the
6    subject of supplementation.

7    Discovery in this litigation has closed. Doc. 68. The next step in this litigation will
8    be the filing of dispositive motions. Permitting the filing of a supplemental complaint at this
9    late date, adding new Defendants and new claims, would defeat the purposes of the Federal
10   Rules of Civil Procedure to achieve the "just, speedy, and inexpensive determination of every
11   action and proceeding." Fed. R. Civ. P. 1. Plaintiff's motion to file a supplemental
12   complaint (Doc. 85) will therefore be **denied**.

13   **E.    Plaintiff's Motion for Court-Appointed Counsel.**

14   Plaintiff asks the Court to appoint counsel to represent him in this action. Doc. 87.
15   There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of*
16   *Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court does have the
17   discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1);
18   *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d
19   1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation
20   of both 'the likelihood of success on the merits and the ability of the petitioner to articulate
21   his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789
22   F.2d at 1331(quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see Richards v.*
23   *Harper*, 864 F.2d 85, 87 (9th Cir. 1988). "Neither of these factors is dispositive and both
24   must be viewed together before reaching a decision on request of counsel" under section
25   1915(e)(1). *Wilborn*, 789 F.2d at 1331.

Having considered both factors, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits or that any difficulty he is experiencing in attempting to litigate his case is due to the complexity of the issues involved.  To the contrary, Plaintiff is quite adept at setting forth his position and citing relevant legal authorities.  As Plaintiff himself notes, he has litigated at least 11 previous lawsuits.  Doc. 86 at 3.  The Court concludes that this case does not present the "exceptional circumstances" warranting the appointment of counsel.

### F. Motion for Extension of Time.

Defendants seek 45-days following the Court's ruling on Plaintiff's motion to file a supplemental complaint within which to file dispositive motions.  Doc. 89.  The Court will **grant** this motion in part.  Dispositive motions are now due on or before **December 17, 2010**.  The parties are advised that the Court will not extend this deadline absent truly extraordinary circumstances.

**IT IS ORDERED:**

1. Plaintiff's motions for protective order (Doc. 77, 81) are **denied**.

2. Plaintiff's motion for extension of time to respond to Defendants' motion to compel (Doc. 82) is **granted**.  Plaintiff shall respond to the motion to compel on or before **December 3, 2010**.

3. Plaintiff's motion to compel (Doc. 83) is **granted in part and denied in part**.  The Court will require Defendants to produce portions of the 114-A record that reflect interactions with Plaintiff within **30 days** of this order.  The Court will also require Defendants to produce any documents in their possession related to complaints regarding spoiled or tainted Kosher food during the time period of Plaintiff's allegations in this case.

4. Plaintiff's motion to file a supplemental complaint (Doc. 85) is **denied**.

5. Plaintiff's motion for court-appointed counsel (Doc. 87) is **denied**.

6. Defendants' motion for extension of time within which to file dispositive motions (Doc. 89) is **granted**.  Dispositive motions are now due on or before **December 17, 2010**.  The parties are advised that the Court will not extend this deadline absent truly

1 extraordinary circumstances.

2       DATED this 10th day of November, 2010.

*David G. Campbell*
United States District Judge