**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Louis Lamon,<br><br>                    Plaintiff,<br><br>vs.<br><br>Derral G. Adams; L. Zirkind; D. Hanson;<br>K. Elze; and J. Alvarez, et al.,<br><br>                    Defendants. | No. 1:07-cv-00829-DGC<br><br>**ORDER** |

Plaintiff is confined in the state prison in Corcoran, California. He commenced this civil rights action in June 2007 by filing a complaint against the warden, several correctional officers, and a prison rabbi. Doc. 1. Plaintiff subsequently filed multiple amended complaints. Docs. 11, 18, 27. The Court issued a screening order dismissing certain claims and requiring answers to the following claims asserted in the third amended complaint: (1) the Eighth Amendment claims that Defendants Alvarez, Elze, and Hansen (misnamed in the complaint at "Hanson") retaliated against Plaintiff by giving him reduced meal portions and foods tainted with chemicals, and that Defendant Adams had knowledge of a "shadow policy" among detention staff to retaliate against inmates in this manner (count one), (2) the claim that Defendant Zirkind violated Plaintiff's First Amendment rights when he cancelled his religious diet (count two), and (3) the claim that Zirkind violated Plaintiff's equal protection rights by deciding to cancel Plaintiff's religious diet because of his race (count three). Doc. 28.

Defendants have filed a motion to dismiss and for summary judgment. Doc. 99. The motion is fully briefed. Docs. 103, 109. Oral argument has not been requested. For reasons stated below, summary judgment will be granted in favor of Defendants.

**I.     Summary Judgment Standard.**

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**II.    The Eighth Amendment Claims (Count One).**

Where conditions of confinement are at issue, the Supreme Court has held that a prison official violates the Eighth Amendment only when two requirements are met. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, "a prison official must have a 'sufficiently culpable state of mind.'" *Id.* (quoting *Wilson*, 501 U.S. at 297). "In prison-condition cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302-303).

Defendant Hansen is a correctional supervising cook with the duty to prepare meals for inmates enrolled in the Jewish Kosher Meal Program ("JKMP"). Hansen has

testified that she never reduced Plaintiff's meals and never tainted his food with chemicals or any other substance. Doc. 99-5 at 13-14. The only evidence Plaintiff offers in response is his declaration testimony that during a conference call in which he threatened to sue Hansen for a half million dollars, "Elze informed Defendant Alvarez that Hansen had ultimately agreed to continue to reduce the quality, quantity, and contents of [Plaintiff's] meals." Doc. 104 at 8-9. This statement is too general and conclusory to create a triable issue. This Circuit has made clear that a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (citations omitted).

Defendants Alvarez and Elze have testified that they never served reduced meals to Plaintiff, that they never served him tainted food, and that they never modified food received from the kitchen. Doc. 99-5 at 4-5, 7-8. Defendant Adams has testified that he is aware of no "shadow policy" among correctional staff to retaliate against any inmate, including Plaintiff, by tainting food, reducing meals, or in any other manner. *Id.* at 10-11. Plaintiff has presented no evidence to the contrary.

Plaintiff complains that prison meals are often "inedible." Doc. 103 at 7. "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maas*, 12 F.3d 1444, 1456 (9th Cir. 1993). Plaintiff has presented no evidence that he was deprived of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), or that any Defendant personally participated in tainting his food, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The Court will grant summary judgment on the Eighth Amendment claims. *See LeMaire*, 12 F.3d at 1456 ("'The fact that food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.'") (citation omitted); *Florer v. Bales-Johnson*, 752 F. Supp. 2d 1185, 1199-1202 (W.D. Wash. 2010) (granting summary judgment on

Eighth Amendment claim where kosher diet menu did not deprive prisoner of sufficient calories and nutrients to sustain him).

### III. The First Amendment Claim (Count Two).

Prison inmates "retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Prison regulations or actions on the part of prison officials that impinge on an inmate's constitutional rights must be upheld where they are reasonably related to legitimate penological interests. *Turner v. Safely*, 482 U.S. 78, 89 (1987).

The undisputed evidence shows that Plaintiff was removed from the JKMP for having assaulted correctional officers with his kosher meals. Doc. 99-2 ¶¶ 15-20, 99-5 at 17. Plaintiff's own exhibits show that he repeatedly threw food out of his cell and at correctional officers (Doc. 103 at 55-82, 87), and Plaintiff himself states that Defendant Zirkind "discontinued my JKMP because [the other] Defendants . . . asked him to stop my diet because I had gassed (threw it on) a [correctional officer] with it" (*id.* at 14; *see* Doc. 104 at 6). There is no doubt that protecting the safety of correctional officers is a legitimate penological interest. *Mauro v. Arpaio*, 188 F.3d 1054, 1059 (9th Cir. 1999). Plaintiff has not shown, and the Court does not otherwise find, that his removal from the JKMP was for a reason other than one related to a legitimate penological interest. Nor has Plaintiff shown that any delay in placing him back in the JKMP rises to the level of a constitutional violation on the part of Defendants. *See Resnick v. Adams*, 348 F.3d 763, 767-68 (9th Cir. 2003) (no constitutional violation where prison officials did not categorically refuse to provide kosher meals). The Court will grant summary judgment on the First Amendment claim.

### IV. The Equal Protection Claim (Count Three).

To survive summary judgment on his equal protection claim, Plaintiff must present evidence showing that Defendant Zirkind "intentionally acted in a discriminatory

manner." *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997).  Zirkind has testified that he canceled Plaintiff's participation in the JKMP for having created a safety hazard, and that Plaintiff's race played no factor in that decision or the alleged failure to reinstate him in the program.  Doc. 99-5 at 17.

Plaintiff asserts in his opposition that a Corcoran food manager by the name of Thompson stated to Plaintiff that Zirkind told Thompson that Plaintiff had been removed from the JKMP because he complained too much about how the staff conducted the program and, "since I was 'Black' and not a 'real Jew,'" there was no need put up with the complaints.  Doc. 103 at 17.  Defendants argue, correctly, that this purported statement by Thompson is inadmissible hearsay.

In summary, there is no triable issue as to whether Defendant Zirkind intentionally discriminated against Plaintiff because of his race.  The Court will grant summary judgment on the equal protection claim.

**V.     Conclusion.**

Defendants have met their initial responsibility of informing the Court of the basis for their summary judgment motion, and identifying those portions of the record showing the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  Although Plaintiff is proceeding pro se, he still "must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).  To survive summary judgment, Plaintiff was required "'to identify with reasonable particularity the evidence that precludes summary judgment.'"  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citation omitted).  Having reviewed Plaintiff's opposition brief (Doc. 103 at 1-41), his supporting declaration (Doc. 104 at 1-10), and his other evidence (Doc. 103 at 42-135), the Court finds no genuine issue for trial.  Summary judgment must therefore be granted in favor of Defendants.  *See* Fed. R. Civ. P. 56(a).  Given this ruling, the Court need not consider Defendants' arguments in support of their motion to dismiss.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Doc. 99) is **granted**. The alternative motion to dismiss is **denied** as moot.

2. Plaintiff's motion for hearing concerning related cases (Doc. 110) is **denied**.

3. The Clerk is directed to enter judgment accordingly.

Dated this 30th day of June, 2011.

David G. Campbell
United States District Judge